993 F.2d 881
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Melvin Derrick BROWN, Petitioner-Appellant,
v.
Edward MYERS; John K. Van De Kamp, Esq., Attorney General,
Respondents-Appellees.
 No. 91-55228.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 1, 1993.*
Decided May 6, 1993.
 
 Before SCHROEDER, THOMPSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Brown was convicted in California state court of attempted first-degree murder and sentenced to life plus three years, with the possibility of parole. He appeals pro se the district court's denial of his petition for writ of habeas corpus, contending that he received ineffective assistance from his court-appointed counsel both at trial and on direct appeal. We vacate and remand.
 
 
 3
 Brown argues primarily that his trial counsel was ineffective in failing to call known alibi witnesses to testify in his behalf. The district court adopted the magistrate's finding that Brown had made only "conclusory allegations" in this regard, that he had failed to identify any alibi witnesses, to show that they were available to testify, and to indicate the substance of their testimony, and further that he had made no allegation that his trial attorney "knew of the potential witnesses and yet failed to interview them." The record before us belies these findings. Brown's Supplemental Traverse, for example, clearly alleges that "[b]efore petitioner took the stand, counsel was on notice that his client would offer an alibi [defense], and would name Cynthia Sanders as an alibi witness before the jury." Cynthia Sanders, we discern, was petitioner's girlfriend, with whom he claimed to have been watching television at the time of the offense for which he was convicted.
 
 
 4
 The record before us is insufficient to permit us to determine whether counsel's failure to call Ms. Sanders or other potential alibi witnesses at trial constituted deficient performance, or represented an informed strategic decision, or was due to circumstances outside counsel's control. Similarly, we cannot evaluate the extent of the prejudice, if any, that Brown suffered as a result of his attorney's performance.[1] We are therefore required to vacate the judgment of the district court.
 
 
 5
 On remand, the district court should carefully consider whether Brown is entitled to an evidentiary hearing on his ineffective assistance claims, and whether counsel should be appointed to assist him in developing those claims. "A habeas petitioner is entitled to an evidentiary hearing on a claim if (1) the petitioner's allegations, if proved, would entitle him to relief, and (2) the state court trier of fact has not, after a full and fair hearing, reliably found the facts." Hendricks v. Vasquez, 974 F.2d 1099, 1103 (9th Cir.1992) (citation and quotation omitted). On this record, we are not prepared to say that Brown's allegations would necessarily entitle him to relief if proved true. The case against him was strong. The testimony of an interested party, such as his girlfriend, might not have made it "reasonably probable" that the jury would have entertained a reasonable doubt as to his guilt. Strickland v. Washington, 466 U.S. 668, 694 (1983).
 
 
 6
 In general, however, it seems to us that when a defendant himself testifies and puts forth an alibi defense, his counsel's failure to present available witnesses who could corroborate that defense would be a disastrous error, one that might well "undermine confidence in the outcome" of the defendant's trial. Id. In any event, we leave the matter in the first instance to the wisdom of the district court. Under the circumstances, we decline to reach the merits of any of the other errors alleged by Brown in this appeal.
 
 
 7
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Part of the problem is that the state court trial record, which was lodged with the district court, has apparently been returned to state authorities rather than being certified as part of the record on appeal. The "Notice of Lodging of Documents" asked that the lodged documents be returned "upon completion of the instant federal proceedings." The "instant" proceedings have not yet been completed